# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| O-LINE ACADEMY, LLC <br> 7240 W. Erie Street <br> Chandler, Arizona 85226 <br><br> and <br><br> LECHARLES BENTLEY <br> 7240 W. Erie Street <br> Chandler, Arizona 85226 <br><br> Plaintiffs, <br><br> vs. <br><br> NBC UNIVERSAL , INC. <br> c/o CT CORPORATION SYSTEM <br> 818 West 7th Street, Suite 930 <br> Los Angeles, California 90017 <br><br> and <br><br> SHINE TELEVISION, LLC <br> c/o Statutory Agent <br> JEANNE NEWMAN <br> 450 North Roxbury Drive, 8th Floor <br> Beverly Hills, California 90210 <br><br> and <br><br> BL4 PRODUCTIONS, INC. <br> c/o Statutory Agent <br> JEANNE NEWMAN <br> 450 North Roxbury Drive, 8th Floor <br> Beverly Hills, California 90210 <br><br> and <br><br> UNIVERSAL TELEVISION, LLC <br> 100 Universal City Plaza <br> Universal City, California  91608 <br><br> and <br><br> JOHN DOES 1-10 <br><br> and | CASE NO.:  1:16-cv-00090 <br><br> JUDGE: <br><br><br><br><br><br><br> **COMPLAINT** <br> *(Jury Demand Endorsed Hereon)* |

XYZ CORPORATIONS 1-10

      Defendants.

Now come Plaintiffs, O-Line Academy, LLC and LeCharles Bentley, by and through counsel, and for their Complaint against the Defendants, state as follows:

## JURISDICTION AND VENUE

  1. This civil action seeks damages for trademark/service mark infringement under the trademark laws of the United States (15 U.S.C. §1111 et seq.), and the statutory and common laws of the State of Ohio.

  2. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. §1111 et seq. (trademark), and through this Court's pendent and supplemental jurisdiction.

  3. This Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Ohio and the Northern District of Ohio; each Defendant has purposely availed itself of the privileges of conducting business in the State of Ohio and the Northern District of Ohio; each Defendant has sought protection and benefit from the laws of the State of Ohio; each Defendant regularly conducts business within the State of Ohio and within the Northern District of Ohio; and Plaintiffs' claims arise, in part, from Defendants' business contacts and other activities in the State of Ohio and in the Northern District of Ohio.

  4. The Defendants, directly and/or through intermediaries, ship, distribute, offer for sale, sell, televise and/or advertise their products and services in the United States, the State of Ohio, and the Northern District of Ohio.

5. The Defendants have committed trademark/service mark infringement in the State of Ohio and in the Northern District of Ohio, have contributed to trademark/service mark infringement in the State of Ohio and the Northern District of Ohio, and/or have induced others to commit trademark/service mark infringement in the State of Ohio and in the Northern District of Ohio.

6. The Defendants have also committed various violations of the statutory and common laws of the State of Ohio.

7. The Defendants solicit customers, including, but not limited to, a television audience and consumers who purchase their products, in the State of Ohio and in the Northern District of Ohio. The Defendants conduct continuous and systematic business in the State of Ohio and in the Northern District of Ohio.

8. Plaintiffs regularly conduct business in the State of Ohio and in the Northern District of Ohio.

9. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391 and 1400(b).

**PARTIES**

10. O-Line Academy, LLC (hereinafter "O-Line") is a limited liability company with a business location in Chandler, Arizona, conducting business throughout the United States, including in the State of Ohio.

11. Plaintiff, LeCharles Bentley (hereinafter "Bentley") is an individual who resides in Arizona, but regularly conducts business throughout the United States, including in the State of Ohio.

12.   Defendant, NBC Universal, Inc. is a corporation organized and existing under the laws of the State of Delaware, with multiple places of business throughout the United States and the world.

13.   Defendant, Shine Television, LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 450 North Roxbury Drive, 8th Floor, Beverly Hills, California 90210.

14.   Defendant, BL4 Productions, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 450 North Roxbury Drive, 8th Floor, Beverly Hills, California 90210.

15.   Defendant, Universal Television, LLC is a limited liability company organized and existing under the laws of the State of New York, conducting business throughout the United States and the world.

16.   XYZ Corporations 1-10 are other legal entities unknown to Plaintiffs who may have participated or played a role in the unlawful conduct set forth herein. These entities will be identified and named as Defendants if and when they become known during the course of discovery.

17.   John Does 1-10 are individuals currently unknown to Plaintiffs who may have participated or played a role in the unlawful conduct set forth herein. These individuals will be identified and named as Defendants if and when they become known during the course of discovery.

**ESSENTIAL FACTS**

18.   Through years of hard work, dedication and successful results, Plaintiffs have become a premier provider of sports training services, and sports performance and fitness

training. As well, Plaintiffs are a premier provider of nutritional services and dietary programs in connection with sports training services, and sports performance and fitness training.

19. In early 2013, Plaintiffs developed a unique trademark/service mark to identify, and represent, the business that they worked so hard to create. The trademark/service mark consists of stylized letters "LB" in a format that is uniquely associated with the strength, commitment, and success of the business Plaintiffs created.

20. A black and white version of the "LB" mark was first used in connection with Plaintiffs' business on January 15, 2013. A red and white version of the "LB" mark was first used in connection with Plaintiffs' business on April 1, 2013. The marks were first used in commerce in April 2013.

21. On July 12, 2013, O-Line duly filed an application for a service mark consisting of black and white the stylized letters "LB" with the United States Patent and Trademark Office, in accordance with Title 15 United States Code. The application was published for opposition on December 24, 2013 and registered on March 11, 2014 for use in the sports performance and fitness training industries. (See Ex. "A")

22. On July 17, 2015, Bentley duly filed an application for a trademark/service mark consisting of red and white stylized letters "LB" with the United States Patent and Trademark Office, in accordance with Title 15, United States Code. The filing relates to the use of the trademark/service mark in connection with sports training services in the field of football, as well as the sale of athletic apparel. (See Ex. "B")

23. By reason of their actions, use, business, filing and/or registration, Plaintiffs have the exclusive right to, among other things, control, reproduce, sell, profit from, publicly perform and display, or to prevent the sale, reproduction, profit and public display of the marks involving the stylized letters "LB".

5

24. On or about January 1, 2016, the Defendants, individually, and/or in concert, began to utilize a logo, consisting of stylized letters, which is nearly identical to the stylized letters utilized and protected by Plaintiffs, in connection with the reality television series known as *The Biggest Loser* and, in so doing, have infringed upon the trademarks/service marks of Plaintiffs. The logo is prominently featured on the athletic apparel of the participants and trainers on *The Biggest Loser*.  Likewise, the logo is prominently featured on set designs used in the broadcast of *The Biggest Loser*.  Finally, the Defendants are advertising for sale athletic apparel, nutritional items, and other merchandise with the infringing logo.  The Defendants have done so without the permission or consent of Plaintiffs to reproduce, sell, publicly display, distribute or otherwise utilize their trademark/service marks.

25. Defendants' unauthorized and infringing use of Plaintiffs' marks is part of Defendants' marketing strategy designed to increase their revenue/profits, solely for the Defendants' own commercial gain.

26. Defendants knowingly misappropriated the trademark/service marks owned by Plaintiffs for their own profit and advantage.  Defendants' actions have produced, and will in the future produce, financial gain for the Defendants while, at the same time, have caused, and continue to cause, damage to Plaintiffs.  Likewise, Defendants have usurped the purpose of Plaintiffs' unique brand and efforts to protect their trademark/service marks in connection with their exclusive, successful business operations.

27. Defendants' conduct directly, secondarily and vicariously infringes upon the trademark/service marks owned by Plaintiffs.

28. In addition to the very clear and direct infringement, Defendants' unlawful and infringing conduct is causing, and will continue to cause in the future, considerable confusion in the marketplace.  Plaintiffs do not have, and do not seek to have, any affiliation with or

6

involvement in, *The Biggest Loser*, its products, themes, or messages. However, the use of *The Biggest Loser's* new logo creates confusion and negatively effects Plaintiffs' brand and reputation. As well, the Defendants' infringing conduct has caused, and will continue to cause, Plaintiffs to suffer financial damages.

29. Defendants' infringing conduct was implemented with the intent to cause confusion and constitutes an extreme deviation from even the trademark/service mark application filed with the United States Patent and Trademark Office on December 9, 2015. (See Exhibit C).

30. A cease and desist letter was served upon Defendants, but the infringing activity continues, unabated.

### FIRST CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. 1111 et seq.)

31. Plaintiffs restate each of the previous paragraphs as if fully rewritten herein.

32. Plaintiffs have a trademark interest in the stylized letters "LB" as established by the the trademarks bearing the serial nos. 86696796 and 86008398. Plaintiffs have complied in all respects with the trademark laws as set forth in 15 U.S.C., 1111 et seq. and all other laws governing or regulating trademarks.

33. Defendants have used and continue to use in commerce reproductions, copies and/or colorable imitations of Plaintiffs' registered trademarks/service marks.

34. Defendants have used and continue to use the reproductions, copies and/or colorable imitations of Plaintiffs' registered trademarks in connection with the production, taping, and broadcast of *The Biggest Loser*.

35. Defendants also used and continue to use reproductions, copies, and/or colorable imitations of Plaintiffs' registered trademarks in connection with the sale of merchandise,

7

including, but not limited to, apparel, nutrition products, and other goods and services marketed through the website biggestloser.com as well as the website NBC.com.

36. Defendants have unlawfully infringed upon the trademarks/service marks of Plaintiffs in violation of 15 U.S.C. 1111 et seq., and other laws governing or regulating trademarks.

37. As well, Defendants' ongoing use of the reproductions, copies and/or colorable imitations of Plaintiffs' registered trademarks in connection with *The Biggest Loser* is likely to cause confusion or mistake amongst customers who believe that *The Biggest Loser*, and the products and services marketed to customers in connection with that show, are authorized, associated with, or endorsed by Plaintiffs.

38. As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

39. Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.

40. Plaintiffs therefore seek all damages allowable under a claim for trademark infringement, including, but not limited to, Defendants' profits, actual damages suffered by Plaintiffs, costs, treble damages, statutory damages, and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Trademark Dilution – 15 U.S.C. 1125)**

41. Plaintiffs restate each of the previous paragraphs as if fully rewritten herein.

42. Plaintiffs' stylized "LB" mark is famous and distinctive on account of its recognition among individuals interested in, among other things, professional football, sports performance and fitness training, strength training, nutrition, and exercise science.

43. Defendants are making use of Plaintiffs' trademarks/service marks, or making use of reproductions, copies, and/or colorable imitations of Plaintiffs' marks, in commerce in connection with the broadcast of *The Biggest Loser* and the sale and marketing of products and services attendant thereto.

44. Defendants began making use of Plaintiffs' marks, or making use of reproduction, copies, and/or colorable imitations of Plaintiffs' marks, in commerce after they became famous, distinguishable and attributable to Plaintiffs' brand/business.

45. Defendants' use of Plaintiffs' marks, or use of reproductions, copies, and or colorable imitations of Plaintiffs' marks, in commerce is likely to cause dilution by blurring diminishing and/or dilution by tarnishment of Plaintiffs' marks in violation of 15 U.S.C. 1125.

46. As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

47. Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.

48. Plaintiffs therefore seek all damages allowable under a claim for trademark dilution, including, but not limited to, Defendants' profits, actual damages suffered by Plaintiffs, costs, treble damages, statutory damages, and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### (Contributory Trademark Infringement)

49. Plaintiffs restate each of the previous paragraphs as if fully rewritten herein.

50. One or more of the Defendants intentionally induced one or more of the other Defendants to infringe upon Plaintiffs' trademarks.

51. One or more of the Defendants contributed to the infringement by one or more of the other Defendants by providing a platform for the dissemination of the reproductions, copies,

9

and/or colorable imitations of Plaintiffs' marks into commerce and the marketing, sale, and distribution of goods and services bearing or based upon the reproductions, copies, and/or colorable imitations of Plaintiffs' marks.

52. As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

53. Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.

54. Plaintiffs therefore seek all damages allowable under a claim for trademark dilution, including, but not limited to, Defendants' profits, actual damages suffered by Plaintiffs, costs, treble damages, statutory damages, and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(Ohio Deceptive Trade Practices Act)**

55. Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

56. The conduct of the Defendants constitutes unfair, unconscionable, and/or deceptive trade practices in the course of their business and in the conduct of trade or commerce, in violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 41365.01, *et seq*. In that regard, Defendants' conduct has and will continue to cause a likelihood or probability of confusion or misunderstanding as to the existence of any relationship, affiliation, connection, association, sponsorship, and/or endorsement between Plaintiffs and *The Biggest Loser*, including good and services marketed in conjunction with that television show.

57. Defendants' conduct has damages and will continue to damage Plaintiffs' goodwill and reputation and has resulted in losses to Plaintiff and an illicit gain or profit to Defendants in an amount that is unknown at the present time. Furthermore, Defendants' conduct was willful and Defendants knew of the deceptive nature of their acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A.     That Defendants be prohibited, on a permanent basis, from reproducing, copying, imitating or otherwise using Plaintiffs' trademarks/service marks.

B.     That Defendants being required to pay Plaintiffs, at Plaintiffs' election, either: (1) such damages as Plaintiffs have sustained as a result of Defendants' trademark infringement, together will all gains, profits, and advantages derived therefrom by Defendants, or (2) the full measure of statutory damages as provided for under 15 U.S.C. 1117(c).

C.     Any and all statutory or common law remedies available for any claim of trademark infringement, trademark dilution, and/or contributory trademark infringement, including but not limited to those provided for in 15 U.S.C. 1111 et seq.

D.     That Defendants be ordered to pay Plaintiffs all costs they incurred in bringing this, action, including reasonable attorneys' fees.

E.     That Defendants be ordered to pay damages to the full extent authorized by Section 4165.01, *et seq*. of the Ohio Revised Code.

F.     That punitive damages be assessed against Defendants, and awarded in favor of Plaintiffs, in an amount to be determined at trial, based upon Defendants acting with actual malice towards Plaintiffs in participating in the misconduct alleged herein.

G. That compensatory damages, including treble damages, if applicable, and such other and further relief be awarded to Plaintiffs that this Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ Andrew A. Kabat*
Andrew A. Kabat (0063720)
Shannon J. Polk (0072891)
Daniel M. Connell (0078418)
HABER POLK KABAT LLP
737 Bolivar Road, Suite 4400
Cleveland, Ohio 44115
Phone: (216) 241-0700
Fax: (216) 241-0739
akabat@haberpolk.com
spolk@haberpolk.com
dconnell@haberpolk.com

*Attorneys for Plaintiffs*
*O-Line Academy, LLC and*
*LeCharles Bentley*

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

>*/s/ Andrew A. Kabat*
>Andrew A. Kabat (0063720)
>Shannon J. Polk (0072891)
>Daniel M. Connell (0078418)