**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **O-Line Academy, LLC,** *et al.*, | ) | **CASE NO. 1:16 CV 90** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NBC Universal, Inc.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 13). This is a trademark infringement case. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiffs, O-Line Academy, LLC ("O-Line") and LeCharles Bentley ("Bentley"), bring this trademark infringement action against defendants, NBC Universal, Inc., Shine Television, LLC, BL4 Productions, Inc., Universal Television, LLC, and a number of John Doe individuals and corporations.

1

According to the allegations in the First Amended Complaint ("complaint"), plaintiffs both reside in Arizona, although Bentley conducts business throughout the United States. All defendants are incorporated in states other than Ohio and none is alleged to have a principal place of business in this state.

Plaintiffs are providers of nutritional services and dietary programs. They further provide apparel in connection with sports training services, as well as fitness training. In early 2013, plaintiffs developed a trademark consisting of the stylized letters "LB." The LB logo was first used in January of 2013 in connection with plaintiffs' business. In July of 2013, plaintiff O-Line filed a trademark application with the United States Patent and Trademark Office ("PTO") for the "LB" logo without color as a feature. Later, in 2015, Bentley filed an application with the PTO for the "LB" logo with the color red as a feature.

On or about January 1, 2016, defendants began to utilize a logo nearly identical to the "LB" logo. They used the logo in connection with the reality television show known as "The Biggest Loser." The logo is used in connection with the athletic apparel of the participants and trainers and is further used in set designs. Plaintiffs also allege that defendants sell merchandise to consumers. Plaintiffs sent defendants a cease and desist letter, but defendants continue to use the infringing logo.

Thereafter, plaintiffs filed this lawsuit. The complaint contains six causes of action. Count one is a claim for statutory trademark infringement. Count two is a claim for trademark dilution. Count three asserts common law trademark infringement and count four asserts contributory trademark infringement. Count five alleges false designation of origin and count six is a claim for violation of the Ohio Deceptive Trade Practices Act.

Defendants move to transfer venue and plaintiffs oppose the motion.

**ANALYSIS**

Defendants move to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1404(a) entails a two-step process. First, defendant's proposed alternative forum must be a district "where [the action] might have been brought." 28 U.S.C. § 1404(a). Second, the court then "considers the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. BusinessCard Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The party seeking transfer has the burden to prove that the balance of convenience is strongly in favor of transfer. *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002); *Bacik v. Peek*, 888 F.Supp.1405, 1414 (N.D. Ohio 1993). "The court is also called upon to weigh a number of other case specific factors." *Cherokee Export Co. v. Chrysler International Corp.*, 142 F.3d 432 at *2 (6th Cir. Feb.2 1998). These factors include:

> the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; [and] the practical problems associated with trying the case most expeditiously and inexpensively. In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.

*Id.*

Upon review, the Court finds that venue should be transferred to the Central District of

California.  As an initial matter, the Court finds that this case could have been brought in that district as infringing activity occurred there.  The Court agrees with defendants that the convenience of the parties weighs strongly in favor of transferring this matter.  Although the Court generally affords plaintiffs' choice of forum significant weight, less weight will be afforded here where plaintiffs have virtually no current ties to the State of Ohio.  Plaintiffs allege that they are residents of Arizona.  Plaintiffs note that Bentley has a second home in Ohio and plaintiffs occasionally travel here for business.[1]  In addition, plaintiffs point out that Bentley played football in high school in this district and enjoys a positive reputation here.[2]  Plaintiffs further argue that the Biggest Loser airs in this jurisdiction and defendants sell products containing the allegedly infringing logo here.

On the whole, the Court finds that less weight should be afforded to plaintiffs' choice of forum.  Although some of the allegedly infringing conduct occurred in this jurisdiction, it appears that the majority of the misconduct occurred in California or over a national broadcast.  Thus, at the end of the day, plaintiffs' choice of forum depends primarily on the fact that Bentley has a second home in this district, although he admittedly does not reside in the Northern District of Ohio.[3]  The Court finds that based on these very minimum ties to Ohio, less weight should be

---

[1] Plaintiffs points to the fact that defendants contacted plaintiffs in 2011 on an unrelated matter while they were residents of Ohio.  The complaint, however, alleges that plaintiffs developed their trademarks in 2013.  Thus, these unrelated 2011 contacts are simply not relevant to the instant dispute.

[2] Plaintiffs also point out that Bentley played football at the Ohio State University.  That university, however, is not located in this district.

[3] Notably, plaintiffs do not articulate the frequency of their travel to this district for business.

afforded to plaintiffs' choice of forum.

With regard to the convenience factor, the Court agrees with defendants that the Central District of California is a more convenient forum. As defendants note, all of their employees that worked on developing the allegedly infringing logo are based in the Central District of California. None of defendants' employees have ever worked in this district. In addition, two of the three employees that selected and adopted the logo are in California. Defendants further point out that the "vast majority" of documents were created and are maintained in California. On the other hand, no employee worked or lived in Ohio and no documents relevant to this lawsuit are located here.

Plaintiffs argue that litigating in California will require them to obtain local counsel and plaintiffs will incur travel costs for their current counsel to travel to California. Plaintiffs further claim that defense counsel is not located in California. Oddly, plaintiffs also argue that little or no travel would be required for defendants and their witnesses because all that is required is "a single trip to this District in order to appear at trial." Of course, this Court requires parties to attend various pretrial conferences, including settlement conferences.[4] And, as this Court has previously held, the convenience of plaintiffs' counsel in and of itself does not have a strong bearing on the venue analysis. *See, e.g., Chuck Roaste LLC v. Reverse Gear*, 2014 WL 4794585 (N.D. Ohio Sept. 25, 2014)(little weight given to choice of forum where plaintiff's counsel was the only resident involved in the action).

Plaintiffs argue that depositions can be taken in California and that plaintiffs' counsel is

---

[4] Under plaintiffs' analysis, only one court appearance will be required in California and thus any related travel expenses incurred by plaintiffs would not be particularly extensive.

5

willing to travel to that district in order to secure the depositions. Alternatively, the depositions could be taken via videoconference. Plaintiffs, however, point to no particular witness or document that is located in *this* jurisdiction. At best, plaintiffs allude to witnesses "knowledgeable [about plaintiffs'] reputation as an athletic trainer, [that] are located throughout the county [sic], including New York, Florida, and Ohio." Given, however, that the clear majority of relevant witnesses and documentary evidence is located in California, the Court finds that the balance of convenience weighs strongly in favor of transfer. This is especially so in that plaintiffs' counsel appears willing to travel to California for discovery purposes.

For these same reasons, the availability of process and the costs for obtaining willing witnesses favors a transfer of this matter to the Central District of California. There are no identifiable witnesses located here.[5] Thus, the Court lacks any ability to secure the attendance of witnesses, and the costs associated with obtaining willing witnesses is far greater in this district since no particular witness resides here.

The Court further finds that the public interest strongly favors transfer. As defendants note, this case involves conduct engaged in by California businesses that occurred in California. Defendants acknowledge in their motion that all of the conduct of developing and approving the logo occurred in California. Plaintiffs are not residents of Ohio. And, although the allegedly infringing conduct occurred on a national broadcast and as a result of the sales of related items,[6]

---

[5] Defendants argue that two witnesses are no longer employed by defendants but still reside in California. Thus, these witnesses would be subject to the subpoena power of the transferee district, but not that of this Court.

[6] Plaintiffs provide no information on the number or percentage of sales that occurred in Ohio.

6

Ohio has no stronger interest in the outcome of this dispute as compared to any other state. Thus, on the whole California has a much stronger public interest in this case. The Court agrees with defendants that the fact that plaintiffs purport to assert a claim under Ohio state law does not warrant retaining venue over this action. Plaintiffs point to no unique issue of state law and federal courts routinely apply the laws of other states in resolving disputes.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is GRANTED.

IT IS SO ORDERED.

                                                        //s Patricia A. Gaughan
                                                        PATRICIA A. GAUGHAN
                                                        United States District Judge

Dated: 5/25/16